ELLIS, Judge.
This suit for partition by licitation was filed after the plaintiff had obtained a judgment of possession in an intestate succession proceeding recognizing her as the surviving parent of the decedent. Those proceedings were entitled the Succession of Lena Farina Pravata (Bravata). The defendant is the surviving spouse *910 whose interest in decedent’s estate was also recognized in said judgment of possession.
After this 'partition suit was filed the defendant filed exceptions of no right of action and of no cause of action. Coupled with these is what appears to be an exception of nonjoinder. The allegations of facts set forth with this exception are that the judgment of possession relied upon was null and void because there was in existence at the time a nuncupative will by public act executed by decedent and the legatee in said will, Jake Farina, was a necessary party to this suit.
For oral reasons assigned, the trial court sustained the defendant’s exception of no cause of action and dismissed plaintiff’s suit with prejudice. No formal ruling was made on the other two exceptions.
Plaintiff perfected a devolutive appeal from this judgment. The appeal was originally made to the Honorable Supreme Court of the State of Louisiana. As a result of the recent changes in jurisdiction, the appeal was transferred to this court.
The plaintiff’s petition did disclose a cause of action. In any event she has an undivided interest in the property in question. The only issue is the extent of her interest and the interest of the other parties involved.
For this reason it is felt that defendant’s exception of no cause of action should have been overruled. For the same reason, it is felt that defendant’s exception of no right of action should have been overruled.
On the other hand, the defendant’s exception of nonjoinder of a necessary party is well taken. Since Jake Farina is named as legatee in a document which purports to be decedent's nuncupative will by public act, he is a necessary party in this suit for partition.
The question of the validity of the will and the final interests of the three parties at interest is a question which should be determined on'the merits.
Therefore, defendant’s exceptions of no cause of action are overruled. Defendant’s exception of nonjoinder of a necessary party is sustained.
This cause is remanded to the trial court for further proceedings in accordance with law and not inconsistent with the views expressed herein.
It is further ordered that the plaintiff have ten days from the finality of this judgment in order to join all necessary parties.
Reversed and remanded.