ELLIS, Judge.
On November 27, 1956, Mrs. Lena Farina Pravata died without issue. On February 23, 1957, the first pleadings in the succession were filed by Mrs. Josephine Farina. As the sole forced heir of the decedent, she sought to open the succession of her daughter, Lena Farina Pravata, with benefit of inventory. The succession was filed contradictorily against Paul Pravata, the surviving spouse.
On March 26, 1957, a preliminary default was taken against Paul Pravata. Then on October 21, 1957, a motion was filed to. have these proceedings filed contradictorily against Jake Farina, a resident of Cook County, Illinois, through his attorney, Mr. Stanley Baron. Jake Farina’s counsel had apparently notified Mrs. Josephine Farina that there was another party at interest, since it is alleged that Jake Farina'claimed to have “an interest in opposition to Mrs. Farina’s claim of heirship in the decedent’s estate.” It is not clear from the record what type of service was had upon Jake Farina, but a preliminary default was entered against him on November 18, 1957. Both defaults were confirmed on November 22, 1957. At this time a judgment was signed recognizing Mrs. Josephine Farina, as the surviving parent, and Paul Pravata as the surviving spouse of the decedent. As such, they were both put into possession of an undivided one-half interest each in and to the decedent’s entire estate. This estate consisted of decedent’s one-half of all of the property which had theretofore constituted the community of acquets and gains existing between Lena Farina Pravata, and Paul Pravata. The decedent left no separate property.
*912 In June of 1958, Mrs. Josephine Farina filed a separate suit for partition entitled ■"Mrs. Josephine Farina vs. Paul Pravata,” which was consolidated, on appeal, with this succession. This partition suit is more thoroughly discussed in the opinion handed down in said companion suit. 131 So.2d 909.
Several days later a petition was filed in this succession by Paul Pravata seeking to void the judgment of possession already obtained upon the grounds that a document which purported to be decedent’s nuncupa-tive will by public act had been discovered. A certified copy of this document was attached to the petition.
Iii connection with this petition, it was piayed that a rule issue commanding Mrs. Josephine Farina to show cause why “the prior proceedings, including the judgment of possession”, * * * “should not be decreed null and void and why the last will and testament attached to this petition should not be ordered registered and executed.” Paul Pravata sought to be qualified as executor of decedent’s will. An order was signed setting the trial of the rule nisi for June 20, 1958.
Exceptions were filed by counsel for Mrs. Farina. These were exceptions of no right and no cause of action and a plea of res judicata.
On June 20, 1958, the rule was heard and judgment was entered decreeing that all prior proceedings in the succession were null and void. The probate of the will was continued until June 24, 1958. The exceptions filed by Mrs. Farina were overruled.
As a result of the hearing held upon June 24, 1958, the will in question was ordered registered and executed. Paul Pravata was appointed as executor.
A suspensive appeal was perfected by Mrs. Josephine Farina from the judgments rendered as set forth above.
First to be considered is the exception of no cause of action filed by the defendant in rule, Mrs. Josephine Farina. The petition for the probate of the will did set forth a cause of action. The succession which had initially been opened under the assumption that it was intestate was a testate succession and this fact appeared on the face of the records. The Louisiana Code of Practice controlled the procedure here since the Code of Civil Procedure had not been adopted before this appeal was perfected.
The surviving spouse relied upon Article 930[1] of the Louisiana Code of Practice and also upon Article 1647[2] of the LSA-Civil Code of Louisiana.
Under these articles it is clear that the surviving spouse stated a cause of action.
The defendant in rule has also questioned whether or not the surviving spouse had a right of action. It is apparent that he did have such a right under the provisions of Article 928 of the Louisiana Code of Practice, which article reads as follows:
“When a testator is dead, his testamentary executor or any other person who may feel an interest in having his will executed, shall present a petition for that purpose to the judge of probate of the place where the succession is open.”
*913 The defendant in rule also filed an exception of res judicata. This exception was properly overruled on several grounds.
As stated above, the decedent who allegedly had died intestate had apparently left a will, thus the tests for res judicata are not met in this case. These tests for res judicata are set forth in Articles 2286 [3] and 3556, subd. 31.[4]
We are of the opinion that the learned judge below erred in decreeing that all prior proceedings in the succession were null and void. Defendant in rule had been legally and validly placed in possession as of the date of such judgment. By rule the plaintiff therein presented the will for probate and requested that the judgment placing defendant in rule in possession be vacated, set aside and annulled. The defendant in rule filed exceptions and asked for time in which to file an answer denying the legality and validity of the purported will upon undisclosed grounds which were to be incorporated in the answer. The lower court stated from the bench that the defendant had the right to attack the will but refused further time for such purpose, and annulled all prior proceedings in the succession. The lower court should have granted counsel for defendant’s request and held in abeyance any judgment as to whether all prior proceedings were null and void until after a hearing on the merits. Unless this procedure is followed, should the will be adjudged null and void the defendant in rule would then have to come back into court and file another proceeding to have herself placed in possession, whereas if the will is held to be legal and valid then would be the proper time to set aside the prior judgment of possession.
For the above and foregoing reasons, the judgment of the lower court is reversed, the judgment of possession in the Succession of Lena Farina Bravata of date November 22, 1957 is hereby reinstated, the validity and effect thereof to await a final determination of the rule.
The case is hereby remanded for further proceedings in the District Court and the defendant in rule is hereby given fifteen days in which to file answer to said rule setting forth the grounds upon which it contends the will to be null and void.
Reversed and remanded.

. “The surviving husband or wife called to the succession of the other, who is deceased, must cause the seals to be fixed on the effects thereof, and be authorized to take possession of the same by the Judge of the place in which the succession is opened, after having caused a true and faithful inventory to be made by a notary duly authorized to that effect by the judge, in the presence of a person appointed to defend the interest of the absent heirs of the deceased, in case there are any, and after having given good and sufficient security, as prescribed in the following article.”

. “Nuncupative testaments received by public acts do not require to be proved, that their execution may be ordered; they are full proof of themselves, unless they are alleged to be forged.”

. “The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”

. “Thing adjudged is said of that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been confirmed on the appeal.”